**BRODSKY & SMITH, LLC**
Evan J. Smith, Esquire (SBN 242352)
esmith@brodskysmith.com
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Phone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINH HOANG, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUNWORKS, INC., CHARLES F. CARGILE, DANIEL GROSS, JUDITH HALL, RHONE RESCH, STANLEY SPEER, THE PECK COMPANY HOLDINGS, INC., and PECK MERCURY, INC., <br><br> Defendants. | **Case No.:** <br><br> **CLASS ACTION** <br><br> CLASS ACTION COMPLAINT FOR: <br> (1)  Breach of Fiduciary Duties <br> (2)  Aiding and Abetting Breach of Fiduciary Duties <br> (3)  Violation of § 14(a) of the Securities Exchange Act of 1934 <br> (4)  Violation of § 20(a) of the Securities Exchange Act of 1934 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Linh Hoang ("Plaintiff"), by his attorneys, on behalf of himself and those similarly situated, files this action against the defendants, and alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff brings this stockholder class action on behalf of himself and all other public stockholders of Sunworks, Inc. ("Sunworks" or the "Company"), against Sunworks, the Company's Board of Directors (the "Board" or the "Individual Defendants,"), The Peck Company Holdings, Inc. ("Parent"), Peck Mercury, Inc. ("Merger Sub," and with Parent, "Peck, and

collectively with Sunworks and the Board, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and breaches of fiduciary duty as a result of Defendants' efforts to sell the Company to Peck as a result of an unfair process for an unfair price, and to enjoin an upcoming stockholder vote on a proposed all stock transaction (the "Proposed Transaction").

2.     The terms of the Proposed Transaction were memorialized in an August 10, 2020, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").  Under the terms of the Merger Agreement, Sunworks will become an indirect wholly-owned subsidiary of Peck, and Sunworks stockholders will receive only 0.185171 shares of Peck common stock for every share of Sunworks common stock they own, resulting in a merger consideration of approximately $0.80 per share of Sunworks' common stock based upon the closing price of Peck on August 7, 2020 of $4.33 per share.  As a result of the Proposed Transaction, Sunworks shareholders will own only approximately 36.54% of Peck.

3.     Thereafter, on October 1, 2020, Peck filed a Registration Statement on Form S-4 with the SEC in support of the Proposed Transaction, and which was later amended by Peck on October 14, 2020 on Form S-4/A (the "Amended Registration Statement").

4.     The dubious nature of the Proposed Transaction is laid bare considering the lack of protections afforded Sunworks' stockholders against fluctuations in Peck's share price.  Here, the Merger Consideration is composed entirely of Peck common stock exchanged at a fixed exchange ratio of 0.185171 which means that Sunworks stockholders will receive 0.185171 shares of Peck common stock as a in exchange for each of their Sunworks shares, regardless of Peck's stock price at the close of the transaction.  Thus, the consideration payable to Sunworks' stockholders is not insulated from fluctuations in Peck's stock price, and stockholders are left in the precarious position of not knowing whether the consideration payable to them will decline further.

CLASS ACTION COMPLAINT

5.      In addition, the Proposed Transaction is unfair and undervalued for a number of reasons.  Significantly, the Amended Registration Statement describes an insufficient process in which did not create a "transaction committee."

6.      In approving the Proposed Transaction, the Individual Defendants have breached their fiduciary duties of loyalty, good faith, due care and disclosure by, *inter alia*, (i) agreeing to sell Sunworks without first taking steps to ensure that Plaintiff and Class members (defined below) would obtain adequate, fair and maximum consideration under the circumstances; and (ii) engineering the Proposed Transaction to benefit themselves and/or Peck without regard for Sunworks' public stockholders.  Accordingly, this action seeks to enjoin the Proposed Transaction and compel the Individual Defendants to properly exercise their fiduciary duties to Sunworks' stockholders.

7.      Next, it appears as though the Board has entered into the Proposed Transaction to procure for themselves and senior management of the Company significant and immediate benefits with no thought to the Company's public stockholders.  For instance, pursuant to the terms of the Merger Agreement, upon the consummation of the Proposed Transaction, Company Board Members and executive officers will be able to exchange all Company equity awards for the merger consideration.

8.      In violation of the Exchange Act and in further violation of their fiduciary duties, Defendants caused to be filed the materially deficient Amended Registration Statement on October 14, 2020 with the SEC in an effort to solicit stockholders to vote their Sunworks shares in favor of the Proposed Transaction.  The Amended Registration Statement is materially deficient, deprives Sunworks' stockholders of the information they need to make an intelligent, informed and rational decision of whether to tender their shares in favor of the Proposed Transaction, and is thus in breach of the Defendants' fiduciary duties.   As detailed below, the Amended Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Sunworks and Peck, provided by Sunworks to the Company's financial advisor

Holthouse Carlin & Van Trigt LLP ("HCVT"); and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinions created by HCVT and provide to the Company and the Board.

9.      Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff and the Class.  This action seeks to enjoin the Proposed Transaction or, in the event the Proposed Transaction is consummated, to recover damages resulting from violation of the federal securities laws by Defendants.

## PARTIES

10.     Plaintiff is a citizen of Massachusetts and, at all times relevant hereto, has been a Sunworks stockholder.

11.     Defendant Sunworks through its subsidiaries, provides photovoltaic based power systems for the agricultural, commercial, industrial, public works, and residential markets in California, Massachusetts, Nevada, Oregon, New Jersey, and Washington.   Sunworks is incorporated under the laws of the State of Delaware and has its principal place of business at 1030 Winding Creek Road, Suite 100, Roseville, CA 95678. Shares of Sunworks common stock are traded on the NasdaqGS under the symbol "SUNW."

12.     Defendant Charles F. Cargile ("Cargile") has been a Director of the Company at all relevant times.  In addition Cargile serves as the Company's Chief Executive Officer and Chairman of the Board.

13.     Defendant Daniel Gross ("Gross") has been a director of the Company at all relevant times.

14.     Defendant Judith Hall ("Hall") has been a director of the Company at all relevant times.

15.     Defendant Rhone Resch ("Resch") has been a director of the Company at all relevant times.

16.     Defendant Stanley Speer ("Speer") has been a director of the Company at all relevant times.

17. Defendants identified in ¶¶ 12 - 16 are collectively referred to as the "Individual Defendants."

18. Defendant Peck, operates as a solar engineering, construction, and procurement contractor for commercial and industrial customers in the Northeastern United States. Peck is incorporated under the laws of the State of Delaware and is headquartered at 4050 Williston Road, #511, South Burlington, VT 05403.

19. Defendant Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e) and Section 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.

21. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Sunworks has its principal place of business is located in this District, and each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, individually and on behalf of the stockholders of Sunworks common stock who are being and will be harmed by Defendants' actions described herein (the "Class"). The Class specifically excludes

Defendants herein, and any person, firm, trust, corporation or other entity related to, or affiliated with, any of the Defendants.

24.     This action is properly maintainable as a class action because:

a.  The Class is so numerous that joinder of all members is impracticable. According to the Company's most recently filed 10-Q, as of August 6, 2020, there were over 16.6 million shares of Sunworks common stock outstanding. The actual number of public stockholders of Sunworks will be ascertained through discovery;

b.  There are questions of law and fact which are common to the Class, including *inter alia*, the following:

i.   Whether Defendants have violated the federal securities laws;

ii.  Whether Defendants made material misrepresentations and/or omitted material facts in the Amended Registration Statement; and

iii. Whether Plaintiff and the other members of the Class have and will continue to suffer irreparable injury if the Proposed Transaction is consummated.

c.  Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class;

d.  Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

e.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class;

f. Plaintiff anticipates that there will be no difficulty in the management of this litigation and, thus, a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

g. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## THE INDIVIDUAL DEFENDANTS' FIDUCAIRY DUTIES

25. By reason of the Individual Defendants' positions with the Company as officers and/or directors, said individuals are in a fiduciary relationship with Sunworks and owe the Company the duties of due care, loyalty, and good faith.

26. By virtue of their positions as directors and/or officers of Sunworks, the Individual Defendants, at all relevant times, had the power to control and influence, and did control and influence and cause Sunworks to engage in the practices complained of herein.

27. Each of the Individual Defendants are required to act with due care, loyalty, good faith and in the best interests of the Company.  To diligently comply with these duties, directors of a corporation must:

a. act with the requisite diligence and due care that is reasonable under the circumstances;

b. act in the best interest of the company;

c. use reasonable means to obtain material information relating to a given action or decision;

d. refrain from acts involving conflicts of interest between the fulfillment of their roles in the company and the fulfillment of any other roles or their personal affairs;

CLASS ACTION COMPLAINT

e.   avoid competing against the company or exploiting any business opportunities of the company for their own benefit, or the benefit of others; and

f.   disclose to the Company all information and documents relating to the company's affairs that they received by virtue of their positions in the company.

28.   In accordance with their duties of loyalty and good faith, the Individual Defendants, as directors and/or officers of Sunworks, are obligated to refrain from:

a.   participating in any transaction where the directors' or officers' loyalties are divided;

b.   participating in any transaction where the directors or officers are entitled to receive personal financial benefit not equally shared by the Company or its public stockholders; and/or

c.   unjustly enriching themselves at the expense or to the detriment of the Company or its stockholders.

29.   Plaintiff alleges herein that the Individual Defendants, separately and together, in connection with the Proposed Transaction, violated, and are violating, the fiduciary duties they owe to Sunworks, Plaintiff and the other public stockholders of Sunworks, including their duties of loyalty, good faith, and due care.

30.   As a result of the Individual Defendants' divided loyalties, Plaintiff and Class members will not receive adequate, fair or maximum value for their Sunworks common stock in the Proposed Transaction.

CLASS ACTION COMPLAINT

## SUBSTANTIVE ALLEGATIONS

*Company Background*

31.     Sunworks, through its subsidiaries, provides photovoltaic based power systems for the agricultural, commercial, industrial, public works, and residential markets in California, Massachusetts, Nevada, Oregon, New Jersey, and Washington.

32.     The Company also designs, finances, integrates, installs, and manages systems ranging in size from 2 kilowatt for residential loads to multi megawatt systems for larger projects. In addition, it offers a range of installation services, including design, system engineering, procurement, permitting, construction, grid connection, warranty, system monitoring, and maintenance services to its solar energy customers.

33.     The Company's recent financial performance indicated optimism during a time of worldwide health crisis. For example, in a May 7, 2020 press release announcing its Q1 financial results, the Company highlighted revenue of $12.4 million compared to $9.3 million for the same period the prior year. Defendant Cargile commented on these results, "We are fortunate to have secured the $2.8 million PPP loan to bolster our cash position, and we are confident that a portion will be forgiven under the criteria outlined by the SBA. We also anticipate benefiting from our recent cost reduction actions, enabling us to effectively support the organization with lower overhead. Once market conditions stabilize and we return to more normalized operations and revenue, we expect that our lower cost structure will enable us to return to profitability and generate positive cash flow from operations."

34.     Despite this upward trajectory and increasing financial results, the Individual Defendants have caused Sunworks to enter into the Proposed Transaction for insufficient consideration.

*The Flawed Sales Process*

35.     As detailed in the Amended Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants.

36.     First, the Amended Registration Statement indicates that no transaction committee consisting of independent directors was created to run the sales process.

37.     Next the Amended Registration Statement makes no mention as to why the Sunworks Board allowed the merger consideration to be composed of a fixed exchange ratio with no collar to protect the Company's public stockholders from fluctuations in Peck's price

38.     Moreover, the Amended Registration Statement is also unclear as to any differences that may exist between the various non-disclosure agreements entered into between Sunworks and any of the interested third parties, including Peck, especially regarding standstill provisions contained therein and under what conditions, if any, such provisions would fall away.

39.     It is not surprising, given this background to the overall sales process, that it was conducted in a completely inappropriate and misleading manner.

***The Proposed Transaction***

40.     On August 10, 2020, Peck and Sunworks issued a press release announcing the Proposed Transaction.  The press release stated, in relevant part:

**SOUTH BURLINGTON, Vt. and ROSEVILLE, Calif., Aug. 10, 2020 (GLOBE NEWSWIRE)** -- The Peck Company Holdings, Inc. (NASDAQ: PECK) ( "Peck"), a leading commercial solar engineering, procurement and construction (EPC) company and Sunworks, Inc. (NASDAQ: SUNW) ("Sunworks"), a provider of solar power solutions for agriculture, commercial and industrial ("ACI"), public works and residential markets, today announced that they have entered into a definitive agreement under which Peck will acquire Sunworks in an all-stock transaction, pursuant to which each share of Sunworks common stock will be exchanged for 0.185171 shares of Peck common stock (subject to certain adjustments). Assuming no adjustments, Sunworks' stockholders would receive an aggregate of approximately 3,079,207 shares of Peck common stock, representing approximately 36.54% of Peck common stock outstanding after the merger.

**Merger Rationale and Highlights**

•      Combination creates a national leader with a coast-to-coast presence poised to capitalize on significant cost synergies.

•      Improves scale and strengthens national presence, with pro forma revenue of $88 million if the companies had been combined in 2019, and a combined backlog of $76.8 million if the companies had been combined as of June 30, 2020.

- Management has identified approximately $6 million in anticipated annualized cost synergies, including supply chain management leverage, redundant public company costs and various operating expenses.

- The transaction is expected to be accretive to earnings and free cash flow after integration synergies have been implemented.

- Combined company will have significantly expanded addressable market to leverage Sunworks' core capabilities in agriculture and public works.

- Combination leverages Peck's strategic partnership with GreenBond Advisors to provide project development and financing to fuel growth and solar project ownership improving the conversion of Sunworks' pipeline and expanding its addressable market.

- Peck and Sunworks installed a combined 62,973kW in 2019, which would rank 41st overall and would be the 16th largest EPC contractor based on the latest Sun Power World ranking list.

**Management Commentary**

Jeffrey Peck, Chairman of the Board and Chief Executive Officer of Peck, commented, "This is a transformational combination, leveraging the respective strengths of the two organizations and creating a national leader in the fast-growing and resilient solar energy industry. It provides Peck expansion, scale, an enhanced financial profile and a stronger platform from which we can continue to build more solar projects. Our integration with Sunworks will extend our presence to the west coast and broaden our offerings to agriculture and public works. The transaction solidifies our three-pronged growth strategy that we announced a year ago when we listed on Nasdaq through a SPAC merger. Since we have been public, we (1) delivered organic growth of revenue from $16 million to $28 million in the first year, (2) partnered with GreenBond Advisors to access capital that provides EPC revenue as well as asset ownership in the solar projects we build for the partnership, and now (3) we are delivering on the third prong of our strategy with an exciting accretive acquisition. We have been focused on executing these important initiatives for our shareholders and expect the acquisition of Sunworks to provide many more opportunities for long term growth and profitability."

Chuck Cargile, Chairman of the Board and Chief Executive Officer of Sunworks, added, "By joining with Peck, our vision for spreading clean solar energy throughout the U.S. is amplified and expanded. Peck has demonstrated the ability to grow revenue and maintain profitability, and we believe that the combination of our teams, customers, projects and partners will materially accelerate revenue growth and earnings. Peck's strong partnership with GreenBond Advisors will allow us to offer financing to a broader range of customers and increase our addressable market.  Additionally, our expanded scale will enable us to source solar

CLASS ACTION COMPLAINT

panels and equipment through Peck's established relationships at lower costs, benefiting our profit margins. Being part of Peck's platform is exciting, and in the best interest of Sunworks shareholders, customers, business partners and employees."

**Transaction Details**

The transaction is expected to close during the fourth quarter of 2020, subject to approval by shareholders of both companies and other customary closing conditions.

The Board of Directors of Peck and Sunworks have each unanimously voted in favor of the definitive transaction agreement.

As part of the agreement, after the transaction closes, Jeff Peck will continue as Chairman of the Board and Chief Executive Officer of the combined company. The Board of Directors of the combined company will be comprised of four members of the Peck Board of Directors and three members appointed by the Sunworks Board of Directors. Because the combined company will be in competition with SunPower Corporation in some markets, Doug Rose, who is also a Vice President at SunPower Corporation, has resigned from the Board of Directors of Peck to avoid conflicts of interests.

Roth Capital will be acting as financial advisor to Peck and Merritt and Merritt is serving as its legal counsel.

Holthouse Carlin & Van Trigt LLP is acting as financial advisor to Sunworks and Stradling Yocca Carlson & Rauth, P.C. is acting as its legal counsel

### *The Inadequate Merger Consideration*

41. Significantly, the Company's financial prospects, opportunities for future growth, and investment in innovation establish the inadequacy of the merger consideration.

42. First, the compensation afforded under the Proposed Transaction to Company stockholders significantly undervalues the Company. The proposed valuation does not adequately reflect the intrinsic value of the Company. Moreover, the valuation does not adequately take into consideration how the Company is performing, considering key financial improvements of the Company in recent times.

43. Moreover, Company stockholders will see their voting power diluted significantly as they transition to stockholders of Peck, their ownership share in the surviving entity being

1   significantly smaller than their current holdings, thus shrinking any future benefit from their

2   investment in Sunworks.

3          44.     It is clear from these statements and the facts set forth herein that this deal is

4   designed to maximize benefits for Peck at the expense of Sunworks stockholders, which clearly

5   indicates that Sunworks stockholders were not an overriding concern in the formation of the

6   Proposed Transaction.

7   ***Preclusive Deal Mechanisms***

8          45.     The Merger Agreement contains certain provisions that unduly benefit Peck by

9   making an alternative transaction either prohibitively expensive or otherwise impossible.  Notably,

10  in the event of termination, the merger agreement requires Sunworks to pay up to $375,000 to

11  Peck, if the Merger Agreement is terminated under certain circumstances.  The termination fee

12  will make the Company that much more expensive to acquire for potential purchasers.  The

13  termination fee in combination with other preclusive deal protection devices will all but ensure

14  that no competing offer will be forthcoming.

15         46.     The Merger Agreement also contains a "No Solicitation" provision that restricts

16  Sunworks from considering alternative acquisition proposals by, *inter alia*, constraining

17  Sunworks' ability to solicit or communicate with potential acquirers or consider their proposals.

18  Specifically, the provision prohibits the Company from directly or indirectly soliciting, initiating,

19  proposing or inducing any alternative proposal, but permits the Board to consider an unsolicited

20  bona fide *"Takeover Proposal"* if it constitutes or is reasonably calculated to lead to a "*Superior*

21  *Proposal*" as defined in the Merger Agreement.

22         47.     Moreover, the Merger Agreement further reduces the possibility of a topping offer

23  from an unsolicited purchaser.  Here, the Individual Defendants agreed to provide Peck

24  information in order to match any other offer, thus providing Peck access to the unsolicited

25  bidder's financial information and giving Peck the ability to top the superior offer.  Thus, a rival

26  bidder is not likely to emerge with the cards stacked so much in favor of Peck.

27

28

CLASS ACTION COMPLAINT

48.     These provisions, individually and collectively, materially and improperly impede the Board's ability to fulfill its fiduciary duties with respect to fully and fairly investigating and pursuing other reasonable and more valuable proposals and alternatives in the best interests of the Company and its public stockholders.

49.     Accordingly, the Company's true value is compromised by the consideration offered in the Proposed Transaction.

***Potential Conflicts of Interest***

50.     The breakdown of the benefits of the deal indicate that Sunworks' insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Sunworks.

51.     Certain insiders stand to receive massive financial benefits as a result of the Proposed Transaction.  Notably, Company insiders, including the Individual Defendants, currently own large, illiquid portions of Company stock that will be exchanged for large cash pay days upon the consummation of the Proposed Transaction.   Notably, while the Amended Registration Statement provides an accounting of Company stock ownership of the Board, Management, and other Company insiders, as follows, it does not provide a proper accounting for how much consideration these stock holdings will be converted to upon the consummation of the Proposed Transaction.

| Name of Beneficial Owner[1] | Number of Shares Beneficially Owned[2] | Percentage of Outstanding Shares Beneficially Owned[3] |
| --- | --- | --- |
| Paul McDonnel[4] | 7,825 | 0.0% |
| Charles Cargile[5] | 107,112 | 0.6% |
| Rhone Resch[6] | 14,283 | 0.1% |
| Daniel Gross[7] | 9,910 | 0.1% |
| Stanley Speer[8] | 9,636 | 0.1% |
| Judith Hall[9] | 2,776 | 0.0% |

| | | |
|---|---|---|
| Steven Chan | — | — |
| **All officers and directors as a group (7 persons)** | 151,542 | 0.9% |

52.     Furthermore, upon the consummation of the Proposed Transaction, each outstanding Company option or equity award, will be canceled and converted into the right to receive certain consideration according to the merger agreement.   Notably, the Amended Registration Statement does not provide a proper accounting of the Company equity award holdings of the Board, Management, and other Company insiders, nor does it provide a proper accounting for how much consideration these equity award holdings will be converted to upon the consummation of the Proposed Transaction.

53.     Moreover, at least one Company insider, Paul McDonnel, is entitled to "golden parachute" awards should his employment with the Company be terminated due to a change-in-control, as would result from the consummation of the Proposed Transaction. Notably, the Amended Registration Statement does not provide a proper accounting of such payouts.

54.     The Amended Registration Statement also indicates that at least one Sunworks Director will continue on in that capacity with the surviving Company but fails to disclose proper information regarding said future employment.   Post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders

55.     Thus, while the Proposed Transaction is not in the best interests of Sunworks stockholders, it will produce lucrative benefits for the Company's officers and directors.

***The Materially Misleading and/or Incomplete Amended Registration Statement***

56.     On October 14, 2020, the Defendants caused to be filed with the SEC a materially misleading and incomplete Amended Registration Statement that, in violation their fiduciary

duties, failed to provide the Company's stockholders with material information and/or provides them with materially misleading information critical to the total mix of information available to the Company's stockholders concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process Leading up to the Proposed Transaction*

57. The Amended Registration Statement fails to provide material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Amended Registration Statement fails to disclose:

a. The specific reasoning as to why no transaction committee of disinterested directors was created to run the sales process;

b. Adequate information regarding the specific reasoning as to why the Sunworks Board allowed the merger consideration to be composed of a fixed exchange ratio with no collar to protect the Company's public stockholders from fluctuations in Peck's price

c. The Amended Registration Statement is unclear as to any differences that may exist between the various non-disclosure agreements entered into between Sunworks and any of the interested third parties, including Peck, especially regarding standstill provisions contained therein and under what conditions, if any, such provisions would fall away; and

d. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders;

*Omissions and/or Material Misrepresentations Concerning Sunworks' and Peck's Financial Projections*

58.     The Amended Registration Statement fails to provide material information concerning financial projections provided by Sunworks' and Peck's management and relied upon by HCVT in its analyses.  The Amended Registration Statement fails to disclose and/or discloses management-prepared financial projections for the Company which are materially misleading. The Amended Registration Statement indicates that in connection with the rendering of HCVT's fairness opinions, HCVT reviewed "certain information relating to the historical, current and future operations, financial condition and prospects of Sunworks and Peck including, and in the case of Sunworks, internal financial projections (and adjustments thereto) prepared by the management of Sunworks relating to Sunworks for the fiscal years ending 2020 through 2025 and cash flow projections for the 13 weeks through October 18, 2020."

59.     Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or […] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

60.     Notably the Amended Registration Statement fails to provide any projection information at all for either Sunworks or Peck, making it impossible for Sunworks' stockholders to effectively gauge either the future value of their current Sunworks shares or the future value of the Peck shares they stand to receive as merger consideration should the Proposed Transaction be consummated.

61.     Without accurate projection data presented in the Amended Registration Statement, Plaintiff and other stockholders of Sunworks are unable to properly evaluate the Company's true worth, the accuracy of HCVT's financial analyses, or make an informed decision whether to vote their Company stock in favor of the Proposed Transaction.  As such, the Board has breached their fiduciary duties by failing to include such information in the Amended Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by HCVT*

62.     In the Amended Registration Statement, HCVT describes its respective fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

63.     With respect to the *Discounted Cash Flow Analysis*, the Amended Registration Statement fails to disclose the following:

  a.   The financial projections of Sunworks for years 2020 through 2025, including each year of unlevered free cash flow and the underlying line items thereto;

  b.   The specific inputs and assumptions used to calculate the discount rate range of 11.0% to 13.0%; and

  c.   The specific inputs and assumptions used to apply an EBTIDA exit multiple ranging from 4.0x to 5.0x.

64.     With respect to the *Selected Precedent M&A Transactions Analysis* the Amended Registration Statement fails to disclose the following:

  a.   The specific inputs, assumptions, and basis used to apply the range of multiples of 0.15x to 0.20x.

  b.   The date on when each selected transaction closed;

  c.   The aggregate value of each selected transaction;

  d.   The specific reasoning for selecting each precedent transaction.

65.     The Amended Registration Statement also fails to disclose HCVT's quality of earnings analysis on Peck.

66.     Finally the Amended Registration Statement fails to provide information relating to HCVT's prior relationships, if any, with either of Sunworks, Peck, or any affiliated entities thereto.

67.     These disclosures are critical for stockholders to be able to make an informed decision on whether to tender their shares in favor of the Proposed Transaction.

68.     Without the omitted information identified above, Sunworks public stockholders are missing critical information necessary to evaluate whether the proposed consideration truly maximizes stockholder value and serves their interests.  Moreover, without the key financial information and related disclosures, Sunworks public stockholders cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in their best interests.  As such, the Board has breached their fiduciary duties by failing to include such information in the Amended Registration Statement.

### FIRST COUNT

### Claim for Breach of Fiduciary Duties

### (Against the Individual Defendants)

69.     Plaintiff repeats all previous allegations as if set forth in full herein.

70.     The Individual Defendants have violated their fiduciary duties of care, loyalty and good faith owed to Plaintiff and the Company's public stockholders.

71.     By the acts, transactions and courses of conduct alleged herein, Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive Plaintiff and other members of the Class of the true value of their investment in Sunworks.

72.     As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of loyalty and good faith owed to the stockholders of Sunworks by entering into the Proposed Transaction through a flawed and unfair process and failing to take steps to maximize the value of Sunworks to its public stockholders.

73.     Indeed, Defendants have accepted an offer to sell Sunworks at a price that fails to reflect the true value of the Company, thus depriving stockholders of the reasonable, fair and adequate value of their shares.

74.     Moreover, the Individual Defendants breached their duty of due care and candor by failing to disclose to Plaintiff and the Class all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction.

75.     The Individual Defendants dominate and control the business and corporate affairs of Sunworks, and are in possession of private corporate information concerning Sunworks's assets, business and future prospects.  Thus, there exists an imbalance and disparity of knowledge and economic power between them and the public stockholders of Sunworks which makes it inherently unfair for them to benefit their own interests to the exclusion of maximizing stockholder value.

76.     By reason of the foregoing acts, practices and course of conduct, the Individual Defendants have failed to exercise due care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

77.     As a result of the actions of the Individual Defendants, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of Sunworks' assets and have been and will be prevented from obtaining a fair price for their common stock.

78.     Unless the Individual Defendants are enjoined by the Court, they will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class, all to the irreparable harm of the Class.

79.     Plaintiff and the members of the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

**SECOND COUNT**

**Aiding and Abetting the Board's Breaches of Fiduciary Duty**

**Against Defendant Sunworks, Peck, and Merger Sub**

80.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

81.     Defendants Sunworks, Peck, and Merger Sub knowingly assisted the Individual Defendants' breaches of fiduciary duty in connection with the Proposed Acquisition, which, without such aid, would not have occurred.

82.     As a result of this conduct, Plaintiff and the other members of the Class have been and will be damaged in that they have been and will be prevented from obtaining a fair price for their shares.

83.     Plaintiff and the members of the Class have no adequate remedy at law.

**THIRD COUNT**

**Violations of Section 14(a) of the Exchange Act**

**(Against All Defendants)**

84.     Plaintiff repeats all previous allegations as if set forth in full herein.

85.     Defendants have disseminated the Amended Registration Statement with the intention of soliciting unitholders to vote their shares in favor of the Proposed Transaction.

86.     Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction.  Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of her name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

CLASS ACTION COMPLAINT

87.     As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

88.     The Amended Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above.  Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Amended Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

89.     The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

90.     The Individual Defendants were at least negligent in filing the Amended Registration Statement that was materially misleading and/or omitted material facts necessary to make the Amended Registration Statement not misleading.

91.     The misrepresentations and omissions in the Amended Registration Statement are material to Plaintiff and the Class, and Plaintiff and the Class will be deprived of its entitlement to decide whether to vote its shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the unitholder vote regarding the Proposed Transaction.

**FOURTH COUNT**

**Violations of Section 20(a) of the Exchange Act**

**(Against All Individual Defendants)**

92.     Plaintiff repeats all previous allegations as if set forth in full herein.

93.     The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Amended Registration Statement was materially misleading to Company stockholders.

94.     The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Amended Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Amended Registration Statement.  The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Amended Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

95.     The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Sunworks's business, the information contained in its filings with the SEC, and its public statements.  Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that

the misrepresentations specified herein had not been properly disclosed to and were being concealed from the Company's stockholders and that the Amended Registration Statement was misleading.   As a result, the Individual Defendants are responsible for the accuracy of the Amended Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

96.   The Individual Defendants acted as controlling persons of Sunworks within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause Sunworks to engage in the wrongful conduct complained of herein.   The Individual Defendants controlled Sunworks and all of its employees.  As alleged above, Sunworks is a primary violator of Section 14 of the Exchange Act and SEC Rule Amended Registration Statement.   By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in its favor and in favor of the Class, and against the Defendants, as follows:

A.   Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representatives and Plaintiff's counsel as Class counsel;

B.   Enjoining the Proposed Transaction;

C.   In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.   Declaring and decreeing that the Merger Agreement was agreed to in breach of the fiduciary duties of the Individual Defendants and is therefore unlawful and unenforceable;

E.   Directing the Individual Defendants to exercise their fiduciary duties to commence a sale process that is reasonably designed to secure the best possible consideration for Sunworks and obtain a transaction which is in the best interests of Sunworks and its stockholders;

CLASS ACTION COMPLAINT

F.      Directing defendants to account to Plaintiff and the Class for damages sustained because of the wrongs complained of herein;

G.      Awarding Plaintiff, the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

H.      Granting such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: October 22, 2020

**BRODSKY & SMITH, LLC**

By: _____

Evan J. Smith, Esquire (SBN 242352)
esmith@brodskysmith.com
9595 Wilshire Blvd., Ste. 900
Phone: (877) 534-2590
Facsimile (310) 247-0160

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT